UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH A. CARABILLO,<br>　　1543 Beahm Town Road<br>　　PO Box 43<br>　　Oak Park, Virginia 22730,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ULLICO INC.,<br>　　111 Massachusetts Ave., N.W.<br>　　Washington, D.C. 20001,<br><br>　　　　Defendants. | CASE NUMBER  1:03CV01556<br>JUDGE: Richard J. Leon<br>DECK TYPE: Labor/ERISA (non-employment<br>DATE STAMP: 07/18/2003 |

## COMPLAINT

(ERISA, Breach of Contract, and Wrongful Termination)

### Introduction

1.  Joseph A. Carabillo brings this action under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1140, and under District of Columbia common law for wrongful termination, to recover benefits, to enforce rights, and to clarify rights to future benefits due him pursuant to the Employee Retirement Income Security Act ("ERISA") and a contractual agreement he has with the defendant ULLICO Inc. Plaintiff contends that defendant ULLICO Inc. attempted an improper termination of his employment in an effort to deny him earned compensation and vested pension benefits -- in derogation of his contractual and statutory rights -- and has withheld all payments and benefits to date.

## Jurisdiction

2. This Court has jurisdiction over this civil action pursuant to 29 U.S.C. § 1132 (ERISA claims) and 28 U.S.C. § 1332 (Diversity for common law claims).

## Venue

3. Venue is proper in this judicial district under 28 U.S.C. § 1391 and 29 U.S.C. § 1132 (e)(2) as records pertaining to plaintiff are maintained in this district, the decision to withhold vested retirement benefits was willfully and intentionally made in this district, the pension plan at issue is administered in this district, the breach of contract took place in this district, and the decision to "terminate" plaintiff's employment was made in this district. Further, the defendant has its principal place of business in this district.

## Parties

4. Plaintiff is a 57 year old legal resident of the United States domiciled in the Commonwealth of Virginia. Plaintiff was employed by defendant in the District of Columbia at or around the time of the events giving rise to this Complaint.

5. Defendant ULLICO Inc. ("ULLICO" or the "company") is a corporation organized under the laws of Maryland. Defendant is an insurance, financial services, and investment holding company with its principal place of business in the District of Columbia.

## Statement of Facts

6. Plaintiff was employed by the defendant, a company he served loyally for over sixteen years. He at all times worked for ULLICO in the District of Columbia.

7. Along with approximately thirty other employees, plaintiff was offered an early retirement benefit under ULLICO's "June 1, 2003 Early Retirement Program" -- a retirement program

covered by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* These employees who were offered an early retirement benefit under the June 1, 2003 Early Retirement Program were all those who met the requirements of that Program: those who either had 15 years of employment with ULLICO and were at least 55 years of age or had 5 years of employment with ULLICO and were at least 65 years of age. Plaintiff was at the time 57 years of age and had been employed by ULLICO for some 16 years.

8. ULLICO's Board of Directors approved the June 1, 2003 Early Retirement Program on or about April 16, 2003, and the company informed plaintiff of his right to participate in this early retirement program shortly thereafter.

9. Plaintiff was formally offered participation in ULLICO's June 1, 2003 Early Retirement Program by the company's management and, having received this offer from ULLICO, he timely accepted it.

10. Plaintiff timely submitted all the completed forms provided to him by the company and required of him by ULLICO in order to participate in the June 1, 2003 Early Retirement Program.

11. Plaintiff's acceptance of the early retirement under ULLICO's June 1, 2003 Early Retirement Program was acknowledged by ULLICO on May 7, 2003.

12. Aware that he intended to accept the terms and provisions of ULLICO's June 1, 2003 Early Retirement Program, plaintiff was placed on paid administrative leave by defendant's then Chief Executive Officer ("CEO"). To fully effectuate the administrative leave, plaintiff voluntarily stepped aside as defendant's Chief Legal Officer at the CEO's request. All of this occurred in March 2003.

13. During his administrative leave, plaintiff had completely wound-up all his ULLICO

duties and responsibilities and was holding himself available for consultation as needed, all at the request of ULLICO's CEO. He had cleaned out his desk and office and was awaiting the start of his already-approved retirement under the June 1, 2003 Early Retirement Program. During this period he had regular correspondence with ULLICO officials concerning his upcoming retirement under the June 1, 2003 Early Retirement Program and the specific benefits he would enjoy under that Program which was to begin on June 1, 2003.

14. In a letter dated Friday May 30, 2003, the newly appointed Acting President of ULLICO purported to "terminate" plaintiff's employment with ULLICO and remove him as an officer of ULLICO and from any positions he may hold with any related or affiliated entities because management had lost confidence in him.

15. By design the above referenced letter was delivered to plaintiff at his home on Saturday, May 31, 2003 -- one day before the company specified and board approved retirement was to begin. The "termination" letter was sent to plaintiff specifically and intentionally to interfere with his contractual and statutory rights and to wrongfully attempt to deny him accrued compensation pay and benefits.

**Statement of Claims**

**Claim I -- ERISA Violation:**

16. The treatment accorded plaintiff by defendant, as specified in paragraphs 6 through 15 above, violates ERISA, 29 U.S.C. § 1140, as ULLICO has unlawfully "terminated" the plaintiff in order to interfere with his pension benefits, including retirement payments and health and life insurance.

17. As a direct and proximate result of the defendant's actions plaintiff is being denied retirement benefits due to him including pension payments, health insurance and life insurance. He

has suffered and continues to suffer significant losses in the form of lost pension payments, lost health insurance coverage, and lost life insurance coverage.

**Claim II -- Breach of Contract:**

18. In treating plaintiff as it did, as specified in paragraphs 6 through 15 above, defendant breached its contract rights with plaintiff concerning payment of pension benefits, salary, and accrued but unused leave.

19. As a direct and proximate result of the defendant's breach of contract, plaintiff has suffered and continues to suffer significant losses in the form of lost salary, lost pension benefits, lost health insurance, lost life insurance, and lost earned but unused leave.

20. In making its decision to break its contract without cause, ULLICO management acted willfully and wantonly with an intent to violate plaintiff's statutory and common law rights and to injure plaintiff.

**Claim III – Wrongful Termination:**

21. The treatment accorded plaintiff by defendant, as specified in paragraphs 6 through 15 above, violates District of Columbia common law, in that such treatment constitutes a wrongful termination resulting in an unlawful withholding of pay and other benefits.

22. As a direct and proximate result of the defendant's actions plaintiff is being denied pay and benefits due to him. He has suffered and continues to suffer significant losses in the form of lost pay, lost pension benefits, lost health insurance, lost life insurance, lost earned but unused vacation pay, personal and professional humiliation, mental and emotional distress, and damage to his physical health and well-being.

23. In making its decision to terminate plaintiff and unlawfully and knowingly withholding payments, ULLICO management acted willfully and wantonly with an intent to violate

plaintiff's statutory and common law rights and to injure plaintiff.

### Prayer for Relief

WHEREFORE, plaintiff prays that this Court enter judgment in his favor and against defendant on all claims brought herein and provide him with the following relief:

(a) award plaintiff compensatory damages against defendant in the amount of $500,000 plus interest thereon;

(b) award plaintiff punitive damages against defendant in the amount of $1,000,000 plus interest thereon;

(c) order defendant to pay plaintiff's salary through May 2003 and provide him with the payments for all his earned but unused annual leave, and all the interest thereon.

(d) order defendant to place plaintiff in a retired status under ULLICO's June 1, 2003 Early Retirement Program retroactive to June 1, 2003 and with full pension benefits available under that plan retroactive to that date, with interest thereon;

(e) enjoin defendant from withholding any benefits from plaintiff under all applicable pension plans and programs, including the June 1, 2003 Early Retirement Program;

(f) award plaintiff the costs of bringing and prosecuting this civil action pursuant to 29 U.S.C. § 1132(g)(1); and

(g) award such other and further relief as the Court may deem just and appropriate.

## Jury Demand

Plaintiff hereby requests a jury trial on all issues of fact and damages related to the plaintiff's breach of contract and wrongful termination claims.

Respectfully submitted,

_____
David H. Shapiro
D,C. Bar No. 961326
SWICK & SHAPIRO, P.C.
1225 Eye Street, N.W.
Suite 1290
Washington, D.C. 20005
Tel. (202) 842-0300
Fax. (202) 842-1418
dhshapiro@swickandshapiro.com

Attorney for Plaintiff